## Commonwealth *v.* Bayne, Appellant.

Argued October 9, 1918.   Appeal, No. 21, April T., 1919, by defendant, from judgment of Q. S. Mercer Co., April T., 1917, No. 89, on verdict of guilty in case of Commonwealth v. Jake Bayne.   Before ORLADY, P. J., PORTER, HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

OPINION BY PORTER, J., July 17, 1919:

The defendant was indicted for selling liquor without a license.   The proceedings in the court below were similar to those had in the case of the Commonwealth v. Jacobson, and are recited in the opinion this day filed in that case.   The principles involved have been fully discussed in the case of the Commonwealth v. Jacobson, and it is not necessary to elaborate upon what we there said. This defendant was an agent of Jacobson and in that capacity made a large number of contracts with citizens of the Borough of Farrell in the County of Mercer for the

sale of liquors and agreed that the liquors ordered should be delivered to the residences of the purchasers on the next day after the contracts were made, and his principal, Jacobson, delivered the liquors at such residences in accordance with the terms of the contracts. Neither Jacobson nor this defendant had any license to sell liquor in Mercer County or elsewhere in the State of Pennsylvania, and that each of them was guilty of the offense with which they were charged has long been settled by the law of this State: Commonwealth v. Hull, 65 Pa. Superior Ct. 450, and cases there cited.

The judgment is affirmed and it is ordered that the defendant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time this appeal was made a supersedeas.